[Cite as *State v. Taylor*, 2014-Ohio-2001.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ASIM J. TAYLOR

    Appellant

C.A. Nos.    13CA010366
                13CA010367
                13CA010368
                13CA010369

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    11CR083327
                11CR083328
                11CR083329
                11CR083330

DECISION AND JOURNAL ENTRY

Dated: May 12, 2014

---

MOORE, Presiding Judge.

{¶1}    Appellant, Asim Taylor, appeals the judgment of the Lorain County Court of Common Pleas that sentenced him to community control for failure to pay child support. This Court affirms.

I.

{¶2}    Mr. Taylor failed to pay child support with respect to his four children, resulting in an arrearage. He pleaded guilty to four charges of felony nonpayment of child support, and the trial court sentenced him to five years of community control. Over Mr. Taylor's objection, the trial court imposed the condition that Mr. Taylor "make all reasonable efforts to avoid impregnating a woman during the community control period or until such time that [he] can prove to the Court that he is able to provide support for his children he already has and is in fact

supporting the children or until a change in conditions warrant the lifting of this condition." Mr. Taylor filed this appeal challenging the community control condition.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT INFRINGED [MR.] TAYLOR'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE CONSTITUTION AND ARTICLE I, SECTIONS ONE, TWO AND SIXTEEN OF THE OHIO CONSTITUTION AND [MR.] TAYLOR'S RIGHT TO PRIVACY UNDER THE NINTH AMENDMENT TO THE CONSTITUTION AND ARTICLE I, SECTION TWENTY OF THE OHIO CONSTITUTION WHEN IT IMPOSED A PROBATION CONDITION ON [MR.] TAYLOR TO TAKE REASONABLE STEPS TO AVOID CONCEIVING ANOTHER CHILD WHILE HE IS ON PROBATION. SINCE THIS PROBATION CONDITION INFRINGED ON MR. TAYLOR'S FUNDAMENTAL RIGHTS, THE COURT SHOULD HAVE FIRST DETERMINED THE REASONABLENESS OF THE CONDITION UNDER A RATIONAL BASIS TEST AND THEN APPLIED STRICT SCRUTINY ANALYSIS TO DETERMINE IF THE CONDITION WAS OVERBROAD. UNDER STRICT SCRUTINY ANALYSIS, THIS CONDITION VIOLATES [MR.] TAYLOR'S CONSTITUTIONAL RIGHTS TO PRIVACY, DUE PROCESS, AND EQUAL PROTECTION.

{¶3} Mr. Taylor's single assignment of error argues that the condition attached to his community control sanction is unreasonable and unconstitutional. Because Mr. Taylor did not provide this Court with the record considered by the trial court in connection with his sentencing, however, we are unable to review the merits of his assignment of error.

{¶4} Trial courts enjoy broad discretion in fashioning community control sanctions, but that discretion is not boundless. *See State v. Jones*, 49 Ohio St.3d 51, 52 (1990). *See also State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 16. A trial court must determine community control conditions with reference to the purposes of community control and the circumstances of the underlying case. *See Talty* at ¶ 12. In so doing, "courts must 'consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of

which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'" *Id.*, quoting *Jones* at 53. When an appellant challenges the reasonableness of community control conditions, this Court must determine whether the trial court abused its discretion with these considerations in view. *Talty* at ¶ 10-12. As the Ohio Supreme Court clarified in *Talty*, *Jones* addressed nonconstitutional challenges to community control conditions. *Talty* at ¶ 11.

{¶5} Few cases analyze the constitutional implications of similar community control conditions, however, and the parties' analysis diverges at this point. Mr. Taylor seems to maintain that constitutional challenges implicating fundamental rights should be subject to a hybrid level of analysis that incorporates strict scrutiny review into *Jones.* The State, on the other hand, argues that whether or not fundamental rights are implicated, this Court should review the community control condition for an abuse of discretion under the guidance provided by *Jones.* We need not resolve the issue at this time, however, because either analysis requires this Court to examine the circumstances surrounding the trial court's imposition of community control, and Mr. Taylor has not provided us with a record adequate to complete this review.

{¶6} When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199 (1980). Consequently, when the contents of a presentence investigation report are necessary to review the appropriateness of a sentence, an appellant must move to supplement the record on appeal with the report to enable our review. *See State v. Banks*, 9th Dist. Summit No. 24259, 2008-Ohio-6432, ¶ 14.

**{¶7}** The absence of the presentence investigation report leaves this Court with little to consider. Because Mr. Taylor pleaded guilty, there is no trial record before us, and but for vague references to consideration of the presentence investigation, the record of sentencing is minimal. Indeed, we have little to go on other than what the trial court said in its journal entries, which is itself limited. We therefore have no choice in this case but to presume the regularity of the community control sanctions and to affirm. *See Banks* at ¶ 14.

**{¶8}** Mr. Taylor's assignment of error is overruled.

### III.

**{¶9}** Mr. Taylor's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶10} Taylor owes almost $100,000.00 in arrearages for back child support for four children by four different women, and he pleaded guilty to four felony charges of failure to pay child support. Based on the facts in the record, I would uphold the trial court's community control condition.

{¶11} For context, the condition imposed by the trial court reads in full, as follows:

Defendant is ordered to make all reasonable efforts to avoid impregnating a woman during the community control period or until such time that Defendant can prove to the Court that he is able to provide support for his children he already has and is in fact supporting the children or until a change in conditions warrant the lifting of this condition.

{¶12} The trial court found that this condition was reasonably related to rehabilitating Taylor, had a relationship to the crimes committed, and served the statutory ends of community control. This Court has previously upheld this type of condition. In *State v. Talty*, 9th Dist. Medina No. 02CA0087-M, 2003-Ohio-3161, we held that the community control condition that required Talty to use reasonable efforts to avoid conceiving another child was constitutional. *Id.* at ¶ 34. Although the Ohio Supreme Court accepted a discretionary appeal and reversed, it did not strike down antiprocreation conditions per se. *State v. Talty*, 103 Ohio St.3d 177, 2004-

Ohio-4888. Instead, it examined the condition and held that, by its specific terms, it was overly broad on nonconstitutional grounds because it did not contain any provision for lifting the proscription against procreation even if Talty became current on his child support payments. *Id.* at ¶ 21, 25.

{¶13} The leading case relating to community control conditions limiting the right to procreate was decided by the Supreme Court of Wisconsin in 2001. In *State v. Oakley*, 245 Wis.2d 447, 2001 WI 103, the court upheld a condition of probation that limited Oakley's freedom to procreate. The condition prohibited Oakley from having any more children during the five-year term of probation unless he could demonstrate that he had the ability to support the new children and that he was supporting the children he already had. *Id.* at ¶ 6. The Wisconsin high court concluded that the trial court properly exercised its discretion in crafting an individualized condition that was not overly broad, that reasonably furthered the objectives of rehabilitation, and that served to protect both society and potential victims from future wrongful conduct. *Id.* at ¶ 1, 13 (further citing at ¶ 10 the long term consequences of a parent's failure to support "such as poor health, behavioral problems, delinquency and low educational attainment, * * * [and] childhood poverty.").

{¶14} The Wisconsin Supreme Court recognized that "convicted individuals do not enjoy the same degree of liberty as citizens who have not violated the law." *Id.* at ¶ 17, citing *State v. Evans*, 77 Wis.2d 225, 230 (1977) (asserting that "liberty enjoyed by a probationer is, under any view, a conditional liberty" and that a probationer's "position is not that of a non-convicted citizen"). The high court reasoned, therefore, that "'conditions of probation may impinge upon constitutional rights as long as they are not overly broad and are reasonably related

to the person's rehabilitation.'" *Oakley* at ¶ 19, quoting *Edwards v. State*, 74 Wis.2d 84-85 (1976).

{¶15} Bearing in mind the societal interests and the discretion retained by the trial court in crafting a sentence that reflects the gravity of the offense, protects the public and potential victims, and facilitates rehabilitation, the Wisconsin Supreme Court upheld the antiprocreation order as valid based on the trial judge's familiarity with the egregious facts of the case. In that case, the trial court was aware of Oakley's history of refusing to support his nine children despite having been employed and being able to work. *Id.* at ¶ 14. Those facts, coupled with the limitations on the duration of the condition, resulted in a condition of probation that was held not to be overly broad. *Id.* at ¶ 20. For example, the condition would expire upon the termination of the probation period, or sooner if Oakley could demonstrate that he was no longer intentionally refusing to support his children, making it narrowly tailored to serve the purposes enunciated above. *Id.*

{¶16} In discussing the *Oakley* decision, the Ohio Supreme Court determined that the antiprocreation provision in that case differed significantly from the condition in *Talty* because "the antiprocreation condition in *Oakley* included the stipulation that the court would terminate the condition if the defendant could prove to the court that he had supported his children." *Talty* at ¶ 19. Although the Ohio Supreme Court did not reach the issue of whether a provision within the antiprocreation condition supporting the lifting of the condition would have rendered the condition valid, it did not foreclose that possibility. *Id.* at ¶ 21. As I earlier noted, although the high court invalidated the antiprocreation condition as overbroad on nonconstitutional grounds, it did not hold such antiprocreation conditions invalid per se. In fact, the high court in *Talty* merely held the community control condition specific to that case to be nonconstitutionally

overly broad within the context of the probationary goals of "doing justice, rehabilitating the offender, and insuring good behavior" because of the lack of any limitations on the condition, save for the term of the probationary period. *See id.* at ¶ 12. Therefore, the viability of this Court's decision regarding the constitutionality of antiprocreation conditions stands, as the Ohio Supreme Court did not strike down that conclusion.

{¶17} As to the considerations in this case, I disagree with the majority's conclusion that the absence of the presentence investigation report from the record prevents us from substantively reviewing the issue. A sentencing hearing was held wherein the trial court addressed the egregious facts in this case, just as in *Oakley*. The record provides the necessary insight into the facts and circumstances to allow me to conclude that Taylor's conduct rises to a level warranting imposition of a narrowly crafted antiprocreation order. Taylor was convicted for failing to pay child support for four children. From the record, we know that one child was 17 years old and another was 15 at the time of sentencing, although the ages of the other two children were not mentioned. From the sentencing hearing, we learn that there were four children from four different mothers and that Taylor was unmarried. At the time of the indictment, Taylor owed arrearages in the respective amounts of $29,555.00, $27,639.90, $10,807.14, and $10,920.08 for the children, for a total arrearage amount of $78,922.12. He was indicted for failing to pay support for a two-year period from June 1, 2009 through June 1, 2011. As of the date of sentencing, Taylor's arrearages had grown to $96,115.24, indicating his continued refusal to pay child support notwithstanding the filing of four felonies against him. In fact, the sentencing court noted that "we haven't gotten any payments in a year" since the case was initiated. The trial court referenced the presentence investigation report, noting that it "indicates that he's at least out there earning some money. He has some jobs somewhere or is

doing some kind of work. Once again, we are not receiving anything." Next, the record is clear that Taylor had retained private counsel to represent himself in the case below, indicating his ability to pay his legal fees in defense of his failure to pay support for his children. Finally, when asked by the trial court whether he would like to make a statement, Taylor declined and remained silent for the entirety of the hearing. Accordingly, he showed no remorse and offered nothing in mitigation of his failure to support his children. Defense counsel argued that the community control condition was unconstitutional but did not dispute any of the facts relied on by the trial court.

{¶18} Given the number of children by multiple mothers, the high amount of the arrearages, Taylor's ability to work, the fact that he was actually earning enough money to retain counsel below, his continued refusal to make any payments toward the support of his children notwithstanding his notice of the charges against him, and his complete lack of remorse or justification for his actions, I would conclude that an antiprocreation condition of community control was not unwarranted under these facts. Moreover, I would conclude that the condition was narrowly tailored to serve the purposes of community control.

{¶19} The majority cites the considerations relevant to a determination of whether a condition of community control comports with both the purposes of community control and the circumstances of the underlying case. *See State v. Talty*, 2004-Ohio-4888, at ¶ 12. Those considerations include whether the condition "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Id.*, quoting *State v. Jones*, 49 Ohio St.3d 51, 53 (1990). In addition to those considerations regarding the reasonable relationship between the condition and

the statutory goals of community control, the high court held that the condition must not be overbroad. *Talty* at ¶ 16, construing *Jones*. Moreover, the *Talty* court recognized that the conclusions that the condition is reasonable and that the condition is not overbroad are necessarily intertwined. ¶ 14.

{¶20} At the end of the day, the *Talty* court seems to have premised its conclusion that the antiprocreation condition was overbroad on a finding that the condition was not reasonably related to rehabilitating the offender. I reach this conclusion because the plain language of the condition did not provide for its modification or abatement even if Talty embraced his responsibilities as a parent and became current in his child support obligation. Moreover, the high court couched its analysis within the context of Talty's argument that, notwithstanding any future full compliance with his support orders, evidencing his rehabilitated attitude of embracing parental responsibility, he would not be free from the condition restricting his right to procreate. On the other hand, Talty neither argued nor did the Supreme Court dispute that the antiprocreation condition had some relationship to the crime of nonsupport and was reasonably related to future criminality in that the birth of future children would necessarily implicate the need for future support.

{¶21} In this case, I would conclude that there is a relationship between a prohibition against the creation of additional children who will require support and the failure to pay support for children already in existence. In addition, where, as here, the defendant has demonstrated a long-term refusal to support multiple children by multiple women notwithstanding his ability to work and contribute something for their care, an antiprocreation condition is reasonably related to future criminality. Taylor has here demonstrated that he is not inclined to support any of his children. There is no reason to believe that he would be inclined to support any future children.

The relevant question in this case, then, is whether the condition was narrowly tailored to be reasonably related to Taylor's rehabilitation.

**{¶22}** In analyzing this point, I would reject Taylor's argument that this community control condition is subject to a strict scrutiny review. Ohio courts have rejected the application of a strict scrutiny analysis to probation conditions affecting fundamental rights. *E.g., State v. Conkle*, 129 Ohio App.3d 177, 179 (9th Dist.1998) (recognizing the application of the three-prong test in *Jones, supra*); *State v. Livingston*, 53 Ohio App.2d 195, 197 (6th Dist.1976). Notably, the Ohio Supreme Court in *Jones* did not engage in a strict scrutiny analysis of the validity of a condition of probation that affected Jones' fundamental right to free association. Instead, the high court analyzed the issue under an abuse of discretion standard of review in consideration of three factors from *Jones*, enumerated above. Given that Ohio courts have consistently reviewed the propriety of community control conditions for an abuse of discretion, and have not applied a strict scrutiny analysis, I would analyze the instant condition likewise. Moreover, as the dissent in *Talty*, 2004-Ohio-4888, at ¶ 35 (Pfeifer, J., dissenting), recognized, persons who have been convicted and placed on community control enjoy only conditional liberty, further supporting the conclusion that a strict scrutiny analysis is not implicated in these types of cases. *See, e.g., Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987); *State v. Benton*, 82 Ohio St.3d 316, 318 (1998); *United States v. Hughes*, 964 F.2d 536 (6th Cir.1992). Furthermore, the analysis should not change depending on the fundamental right implicated. There is, after all, no super fundamental right relating to procreational interests.

**{¶23}** In this case, the trial court heeded the lesson in *Talty* and crafted a condition of community control that expressly created a mechanism via two avenues under which the proscription against procreation could be lifted. *See Talty* at ¶ 20. First, the condition would

terminate as soon as Taylor began supporting his existing four children and could prove to the sentencing court that he was able to continue providing support. In other words, if he could effectively demonstrate that he had come to appreciate his responsibility to support his children, i.e., that he was rehabilitated, the limitation on his right to procreate would be lifted. Second, the antiprocreation condition would terminate upon "a change in conditions warrant[ing] the lifting of this condition." This encompasses a broad spectrum of circumstances such as Taylor's incapacity to work, a good faith effort to pay support, marriage, or the termination of his parental rights as to some or all of his existing children. These circumstances for lifting the condition, coupled with the requirement that Taylor merely "make all reasonable efforts to avoid impregnating a woman" and not that he ensure that he does not impregnate a woman, narrowly limit, rather than terminate, his procreation rights. I believe that these mechanisms for lifting the condition provide "easy alternative[s] that [] have better accommodated [Taylor's] procreation rights at de minimis costs to the legitimate probationary interests of rehabilitation and avoiding future criminality." *See Talty* at ¶ 21. Accordingly, I would substantively overrule Taylor's assignment of error and affirm the trial court's judgment.

APPEARANCES:

DOUGLAS W. MERRILL, Attorney at Law, for Appellant.

STEPHEN ALBENZE, Attorney at Law, for Appellee.