[Cite as *State v. Hodge*, 2015-Ohio-3724.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010648 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EDWARD M. HODGE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 12CR084444 |

DECISION AND JOURNAL ENTRY

Dated: September 14, 2015

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Edward Hodge, appeals the judgment of the Lorain County Court of Common Pleas convicting him of nonsupport of dependents and ordering him to pay restitution, the fees of his court-appointed attorney, and court costs. On appeal, Hodge only challenges the trial court's restitution award and order that he pay costs and the court-appointed counsel fees. For the reasons that follow, we affirm.

I

{¶2} Hodge was indicted on one count of nonsupport of dependents in violation of R.C. 2929.21(B), a felony of the fifth degree. The indictment arose from Hodge's failure to comply with the child support order for the care of his child, E.T., during the period from December 1, 2009 until December 1, 2011. Hodge pled guilty to the charge.

{¶3} The trial court subsequently sentenced him to a jail term of eight months suspended on the condition that he comply with his community control sanctions. These

sanctions included an order that Hodge pay "[r]estitution and past court ordered child support arrearage in the amount of $18,616.46." The trial court also ordered that Hodge repay the court costs of the case and the fees of his court-appointed counsel, which totaled $1,407.

{¶4} Hodge filed this timely appeal, raising four assignments of error for our review.

II

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED RESTITUTION IN EXCESS OF THE ARREARS THAT ACCRUED DURING THE PERIOD IN THE INDICTMENT.

{¶5} In his first assignment of error, Hodge asserts that the trial court erred by imposing community control sanctions ordering him to pay restitution and repay his entire child support arrearage, which included arrearages that accrued outside the period specified in the indictment. We disagree.

{¶6} R.C. 2929.15(A)(1) authorizes trial courts to impose community control sanctions on felony offenders as opposed to a prison term. "Trial courts enjoy broad discretion in fashioning community control sanctions, but that discretion is not boundless." *State v. Taylor*, 9th Dist. Lorain Nos. 13CA010366-13CA010369, 2014-Ohio-2001, ¶ 4. Therefore, we review a trial court's imposition of community control sanctions for an abuse of discretion. *Id*. An abuse of discretion occurs when the trial court's decision is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} Restitution is a permissible community control sanction pursuant to R.C. 2929.18. It specifically allows restitution by the offender to the victim "in an amount based on the victim's

economic loss." R.C. 2929.18(A)(1). "If a trial court requires a defendant to pay restitution as part of a felony sentence, the court's specific award of restitution is limited to the amount of arrearage that accrued during the time period covered by the indictment." *State v. Morrow*, 9th Dist. Lorain Nos. 14CA010552, 14CA010553, 2015-Ohio-2627, ¶ 7, citing *State v. Henderson*, 2d Dist. Montgomery No. 24849, 2012-Ohio-3499, ¶ 13. Nevertheless, "in addition to ordering restitution either as an unconditional part of a sentence or a condition of community control, a trial court may also order the payment of all child support arrearages so long as such payment is ordered as a reasonable condition of community control." *Id*. at ¶ 8 (collecting cases). When assessing the reasonableness of a community control sanction, we consider if the sanction: "(1) is reasonably related to rehabilitating the offender; (2) has some relationship to the crime of which the offender was convicted; and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Jones*, 49 Ohio St.3d 51, 53 (1990).

{¶8} We addressed the same argument raised by Hodge in *Morrow*. Under the facts of that case, we determined that the *Jones* factors supported the trial court's community control sanction of repaying his entire child support arrearage, including the amount that accrued outside of the indictment period. *Morrow* at ¶ 11-12. Since this matter implicates identical facts to those addressed in *Morrow*, we reach the same conclusion here. The trial court's order that Hodge repay his overdue court-ordered child support is reasonably related to rehabilitating him from the charged offense of nonpayment of child support, has a close relationship to the offense, and relates to the criminal conduct underlying the offense. Additionally, the trial court did not impermissibly require restitution beyond the victim's economic loss since it ordered payment of "[r]estitution *and* past court ordered child support arrearage[.]" (Emphasis added.) *See id*. at ¶ 12

(finding no abuse of discretion where trial court "ordered payment of "[r]estitution and past court-ordered child support arrearage") (Emphasis sic.).

{¶9} Accordingly, we overrule Hodge's first assignment of error.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED RESTITUTION AND THE REPAYMENT OF COURT APPOINTED ATTORNEY FEES.

{¶10} In his second assignment of error, Hodge argues that the trial court erred in ordering that he pay restitution and the fees of his court-appointed counsel since the record does not reflect that he has the ability to pay those sanctions. We disagree.

{¶11} As part of its community control sanctions, a trial court may impose a restitution award. R.C. 2929.15(A)(1). R.C. 2929.18 governs the imposition of restitution awards in felony cases, *State v. McKinney*, 9th Dist. Summit No. 21123, 2003-Ohio-362, ¶ 25, and if a trial court decides to impose a restitution award, it "shall consider the offender's present and future ability to pay the amount of the sanction[,]" R.C. 2929.19(B)(5). Additionally, a trial court is empowered to "order a criminal defendant to repay the costs of his appointed counsel" as a condition of community control. *State v. Barnes*, 9th Dist. Lorain No. 06CA009034, 2007-Ohio-2460, ¶ 8, citing *State v. Trembly*, 137 Ohio App.3d 134, 144 (8th Dist.2000). An order to repay court-appointed attorney fees is also subject to the requirement that the trial court consider the defendant's ability to pay. *State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Ohio-4134, ¶ 37. While " 'there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record[,]' * * * the record must reflect that the court actually considered the defendant's ability to pay." *State v. Williams*, 9th

Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 17, quoting *State v. Martin*, 140 Ohio App.3d 326, 327 (4th Dist.2000).

**{¶12}** Here, the record reflects that the trial court considered Hodge's ability to pay before imposing the restitution award and order that he repay his court-appointed attorney fees. At the sentencing hearing, Hodge's trial counsel stated that Hodge had a summer job the previous year waterproofing houses and that he was "hoping to get a job sometime" in the summer of 2013. Additionally, there was no indication in the record that Hodge was physically unable to hold a job. In light of this evidence in the record, we cannot determine that the trial court abused its discretion in determining that Hodge has the ability to pay restitution and the fees of his court-appointed counsel. *See Morrow*, 2015-Ohio-2627, at ¶ 17 (determining that trial court did not abuse its discretion in determining that the defendant had the ability to pay restitution and court-appointed counsel fees where the defendant had not had a job for two years, but was applying for jobs and "was physically fit and capable of holding a job"). Finally, as we noted in *Morrow*, by ordering that Hodge repay his outstanding child support arrearages, the trial court merely ordered Hodge to comply with underlying court orders and it "was not required to reconsider, in any more depth than the appellate record reflects, another court's determination of ability to pay when that court originally ordered child support." *Id*. at ¶ 18, citing *State v. Fuller*, 8th Dist. Cuyahoga No. 101325, 2015-Ohio-523, ¶ 22.

**{¶13}** Accordingly, we overrule Hodge's second assignment of error.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT ORDERED THE REPAYMENT OF THE COSTS OF PROSECUTION IN VIOLATION OF R.C. 2919.21(G)(2).

**{¶14}** In his third assignment of error, Hodge contends that the trial court erred in ordering him to repay the costs of prosecution without first determining his ability to pay the costs. We disagree.

**{¶15}** R.C. 2947.23(A)(1)(a) states that "[i]n all criminal cases, * * * the judge or magistrate *shall* include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." (Emphasis added.) The imposition of costs is also specifically enumerated in R.C. 2919.21(G)(2), which governs the sentences to be imposed in criminal nonsupport of dependents cases. *See* R.C. 2919.21(G)(2) ("If the offender is guilty of nonsupport of dependents by reason of failing to provide support to the offender's child as required by a child support order * * *, the court, in addition to any other sentence imposed, *shall* assess all court costs arising out of the charge against the person[.]") (Emphasis added.). Unlike financial sanctions issued pursuant to R.C. 2929.19, the imposition of court costs under R.C. 2947.23 does not require the trial court to first consider the defendant's ability to pay. *See State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, ¶ 45 ("R.C. 2929.19 is inapplicable to court costs, and the trial court need not consider a defendant's ability to pay under R.C. 2929.19 prior to imposing court costs."). Indeed, the plain terms of the statute mandates trial courts to impose costs "against *all convicted defendants*, even those who are indigent." (Emphasis added.) *Id*. at ¶ 46, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 8 ("R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it *requires* a court to assess costs against all convicted defendants.") (Emphasis sic.).

**{¶16}** Although trial courts are required to impose court costs on the convicted defendant in all criminal cases, the defendant is able to request a waiver of the payment of those

costs. *White* at ¶ 18. But, the defendant must move for such a waiver when he is informed of the costs judgment. *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph two of the syllabus ("A motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing."). The failure to make this necessary motion results in a forfeiture of the issue on appellate review. *Id*. at ¶ 23.

**{¶17}** Here, the trial court was not required to consider Hodge's ability to pay the amount of the court costs judgment. As a result, its failure to do so does not constitute error. *See Morrow*, 2015-Ohio-2627, at ¶ 22 (affirming trial court's court costs judgment against defendants convicted of felony nonsupport of dependents). Moreover, Hodge never moved for a waiver of the payment of court costs after the trial court informed him about the costs judgment. Thus, he has forfeited any appellate review on that point. *E.g*., *Lux* at ¶ 48 ("[The defendant] did not request a waiver of the payment of court costs at sentencing. Accordingly, he cannot challenge the imposition of court costs on direct appeal."). Finally, to the extent that Hodge argues the trial court erred in ordering him to repay the attorney fees and expenses incurred by the prosecutor's office in prosecuting this matter, we must also reject his position since no such order was issued. "The court did not, and could not under R.C. 2919.21(G)(2), order [Hodge] to pay any attorney[] fees to reimburse the prosecutors for their time and expertise. Nor did the court in this case order reimbursement to the State for expenses that originated in the prosecutor's office apart from expenses charged by the clerk's office." *Morrow* at ¶ 22.

**{¶18}** Accordingly, we overrule Hodge's third assignment of error.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT INCLUDED ADMINISTRATIVE FEES IN THE RESTITUTION AWARD.

**{¶19}** In his fourth assignment of error, Hodge argues that the trial court erred by ordering him to repay the outstanding processing fees owed to the Lorain County Child Support Enforcement Agency. We disagree.

**{¶20}** We previously addressed this argument in *Morrow*. Based on R.C. 3119.27(A)'s mandate that courts impose a two percent processing fee on support payments, we concluded that the trial court did not abuse its discretion in ordering that the defendant repay outstanding processing fees as part of his community control sanction for a criminal nonsupport conviction. *Morrow* at ¶ 24. Since this matter implicates the same facts and argument, we see no reason to disregard *Morrow* here and we conclude that the trial court did not abuse its discretion in ordering that Hodge repay outstanding processing fees in this matter.

**{¶21}** Accordingly, we overrule Hodge's fourth assignment of error.

III

**{¶22}** Having overruled all of Hodge's assignments of error, we affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ZACHARY B. SIMONOFF, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and GREG PELTZ, Assistant Prosecuting Attorney, for Appellee.