[Cite as *State v. Miller*, 2018-Ohio-2127.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   106051

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TAYLOR MILLER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-614148-A

**BEFORE:**   Boyle, P.J., S. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   May 31, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
BY:   Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Frank Romeo Zeleznikar
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


MARY J. BOYLE, P.J.:

{¶1}   Defendant-appellant, Taylor Miller, appeals his conviction and sentence.   He

raises three assignments of error for our review:

> 1. The trial court committed error when it did not merge two counts charging a single robbery at Huntington Bank.
>
> 2. The trial court committed error when it imposed sentence by application of the sentencing package doctrine in violation of the rule set forth in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.
>
> 3. The trial court committed error when it determined to enter a judgment for costs against Mr. Miller and then denied his motion to vacate costs.

{¶2}   Finding no merit to his appeal, we affirm.

## I. Procedural History and Factual Background

{¶3}   In February 2017, Miller was indicted on seven counts after he robbed a

Huntington Bank. Four months later, Miller withdrew his former not guilty plea and pleaded guilty to an amended indictment of two counts of second-degree felony robbery in violation of R.C. 2911.02(A)(2), with notice of prior conviction specifications, two counts of third-degree felony abduction in violation of R.C. 2905.02(A)(2), and one count of fifth-degree felony theft in violation of R.C. 2913.02(A)(1).

{¶4} The trial court merged the abduction and theft counts with the robbery counts, but denied Miller's request to merge the two robbery counts. The trial court sentenced Miller to six years in prison on each count of robbery and ordered that they be served concurrently, for an aggregate sentence of six years. The court ordered that Miller pay $2,500 in restitution to Huntington Bank. The court also imposed costs and advised Miller that he would be subject to a mandatory period of three years of postrelease control. It is from this judgment that Miller now appeals.

## II. Allied Offenses of Similar Import

{¶5} In his first assignment of error, Miller contends that the trial court erred when it did not merge his two robbery convictions.

{¶6} R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution, prohibiting multiple punishments for the same offense. Under R.C. 2941.25(A), when the same conduct by the defendant "can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." However, R.C. 2941.25(B) provides:

> Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the

defendant may be convicted of all of them.

{¶7} Multiple offenses do not merge if (1) the offenses are dissimilar in import or significance, (2) the offenses were committed separately, or (3) the offenses were committed with a separate animus or motivation. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus. Two or more offenses are dissimilar within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id*. at paragraph two of the syllabus.

{¶8} When reviewing whether two offenses are allied offenses of similar import, appellate courts apply a de novo standard of review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶9} The trial court did not merge the two robbery convictions because it found that there were two victims. When Miller walked into the bank, he handed a bank teller a note that stated: "Follow the directions and no one will get hurt." The first bank teller was too scared to do anything, so she handed it to another bank teller, who gave $2,500 to Miller. Miller argues that "the gravamen of robbery * * * is the theft offense," and thus, there was only one victim — Huntington — who was deprived of its property. We disagree.

{¶10} R.C. 2911.02(A)(2) defines robbery as "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

{¶11} Under R.C. 2913.02, theft is defined as "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services" of another (the statute then lists a number of ways to commit theft).

{¶12}   When comparing the offenses of theft and robbery, it is evident that the "gravamen" of theft is depriving the owner of his or her property.   The "gravamen" of robbery, however, is not just to deprive the owner of his or her property, but also to inflict harm on someone or threaten to do so while committing the theft offense.   Indeed, the legislative notes under the robbery statute state, "As in the section on aggravated robbery, this section provides that the difference between theft and robbery is an element of actual or potential harm to persons."   1974 Committee Comment to Am.Sub.H.B. 511 (robbery under R.C. 2911.02). Thus, robbery is an offense against persons, not property.

{¶13}   Accordingly, while Huntington Bank was the victim of the theft offense, it was not the victim of the robbery counts.   Instead, the two employees who read Miller's note, which threatened, "Follow the directions and no one will get hurt," were the victims of robbery.   Thus, we find that the trial court did not err when it refused to merge Miller's two robbery convictions because there were separate victims.

{¶14}   Miller's first assignment of error is overruled.

## III. Sentencing Package Doctrine

{¶15}   In his second assignment of error, Miller argues the trial court violated the "sentencing package" doctrine, which is prohibited by *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 82.

{¶16}   In *Saxon*, the Ohio Supreme Court explained that the sentencing package doctrine, a product of the federal sentencing guidelines, requires federal courts to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan.   Therefore, "an error within the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to

the interdependency of the sentences for each offense." *Id.* at ¶ 6.

{¶17} In contrast, the Supreme Court explained that a sentence or sanction in Ohio "is the sanction or combination of sanctions imposed for each separate, individual offense," and thus, "[t]he sentencing-package doctrine has no applicability to Ohio sentencing laws[.]" *Id.* at paragraphs one and two of the syllabus.

{¶18} Miller contends the following statement made by the trial court at the sentencing hearing demonstrates that it violated *Saxon* when it sentenced him:

> So in my mind, anyway, the real issue is not whether I give you concurrent or consecutive sentences. To me, the real issue is how much time you should get.

{¶19} We disagree with Miller that this statement amounts to a "sentencing package." Despite this statement, the trial court sentenced Miller to six years in prison on *each* count of robbery and ordered that he serve the prison terms concurrently. Thus, Miller's six-year prison sentence did not violate *Saxon*.

{¶20} Miller's second assignment of error is overruled.

## IV. Court Costs

{¶21} In his final assignment of error, Miller argues that the trial court erred when it denied his motion to waive court costs.

{¶22} R.C. 2947.23(A)(1) governs the imposition of court costs and provides in relevant part, "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." Unlike financial sanctions issued pursuant to R.C. 2929.18, "the imposition of court costs under R.C. 2947.23 does not require the trial court to first consider the defendant's ability to pay." *State v. Hodge*, 9th Dist. Lorain No. 14CA010648, 2015-Ohio-3724, ¶ 15. A defendant's financial status is

therefore "irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3 (superseded by statute on other grounds). Accordingly, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.

{¶23} In its discretion, however, a trial court may waive payment of court costs upon a defendant's motion if the defendant is indigent. R.C. 2949.092; *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9. We review a trial court's denial of a motion to waive costs for an abuse of discretion. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23.

{¶24} Miller acknowledges that the trial court had the discretion to impose court costs, but argues that "on the peculiar facts of this case," the court abused that discretion. The "peculiar facts" that Miller points to appear to be the fact that Miller received appointed trial counsel because he was indigent, but then the trial court denied his motion for appointed appellate counsel and for preparation of the transcript at the state's expense. Miller subsequently moved for appointed appellate counsel and transcript at the state's expense in this court, which we granted. Miller contends that the fact that we granted his motions, but the trial court denied them, "demonstrate a vindictiveness" on the part of the trial court.

{¶25} We disagree with Miller that the trial court's actions demonstrate that it only imposed court costs because it was being vindictive. The trial court entered judgment against Miller on June 28, 2017. Miller filed his pro se motion for appointment of appellate counsel and for preparation of the transcript on July 27, 2017. Although we are not sure why the trial court denied his motions (because he filed them within the 30-day time period for appeal and

attached a poverty affidavit), it does not demonstrate vindictiveness on the part of the trial court regarding its denial of Miller's motion to waive costs. There is simply nothing in the record to indicate that Miller, despite his indigency, will not be able to pay his court costs, either while he is in prison for six years or after he is released.

**{¶26}** Miller's third assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR