[Cite as *State v. McGowan*, 2014-Ohio-2630.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 27092 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY MCGOWAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 12 3401 |

DECISION AND JOURNAL ENTRY

Dated: June 18, 2014

MOORE, Judge.

{¶1} Defendant-Appellant, Larry McGowan, appeals from the September 13, 2013 judgment entry of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} In July of 2013, Mr. McGowan pleaded guilty to rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree. Prior to sentencing, the trial court ordered a presentence investigation report and a psycho-sexual assessment. The trial court then sentenced Mr. McGowan to a mandatory term of eleven years' incarceration.

{¶3} Mr. McGowan appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION AND SENTENCED [MR. MCGOWAN] TO THE MAXIMUM PRISON TERM OF ELEVEN YEARS.

{¶4} In his sole assignment of error, Mr. McGowan argues that the trial court abused its discretion in sentencing him to a maximum prison term of eleven years pursuant to R.C. 2929.14(A)(1). Specifically, Mr. McGowan argues that the trial court failed to consider the fact that, by pleading guilty, he "spared the victim from testifying before a jury of strangers," and spared her having to be in his presence, which "paralyzed her."

{¶5} Here, the transcripts of the plea and sentencing hearings indicate that the trial court ordered and relied upon the presentence investigation report and psycho-sexual assessment in sentencing Mr. McGowan to eleven years of incarceration. However, Mr. McGowan has not provided this Court with copies of the presentence investigation report or psycho-sexual assessment in the record on appeal.

{¶6} "When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm." *State v. Taylor*, 9th Dist. Lorain Nos. 13CA010366, 13CA010367, 13CA010368, 13CA010369, 2014-Ohio-2001, ¶ 6, citing *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199 (1980). "Consequently, when the contents of a presentence investigation [PSI] report are necessary to review the appropriateness of a sentence, an appellant must move to supplement the record on appeal with the report to enable our review." *Taylor* at ¶ 6, citing *State v. Banks*, 9th Dist. Summit No. 24259, 2008-Ohio-6432, ¶ 14.

{¶7} The exclusion of the PSI report and psycho-sexual assessment from the appellate record leaves us with few facts to consider regarding Mr. McGowan's maximum sentence. Because Mr. McGowan pleaded guilty to rape, there is no trial testimony before us. Further, the sentencing hearing transcript clearly indicates that the trial court relied upon the PSI and psycho-

sexual assessment in issuing Mr. McGowan's mandatory sentence of eleven years of incarceration. Therefore, we have no choice but to presume regularity in the trial court's sentencing of Mr. McGowan. *See Taylor* at ¶ 7; *see also Banks* at ¶ 14.

{¶8} Mr. McGowan's assignment of error is overruled.

III.

{¶9} In overruling Mr. McGowan's sole assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.