[Cite as *State v. Daniel*, 2014-Ohio-5112.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27390 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KENNETH M. DANIEL, II | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2013 12 3596 |

DECISION AND JOURNAL ENTRY

Dated: November 19, 2014

CARR, Presiding Judge.

{¶1} Appellant Kenneth Daniel, II, appeals his sentence imposed in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Daniel was indicted on one count of failure to comply with the order or signal of a police officer, a felony of the third degree; and one count of receiving stolen property, a felony of the fourth degree. He pleaded not guilty and reserved his right to later plead not guilty by reason of insanity. The trial court ordered a competency evaluation. Upon consideration of the results of the evaluation, the trial court found Daniel competent to stand trial. Thereafter, pursuant to a plea agreement, Daniel pleaded guilty to both charges as alleged in the indictment. The trial court referred the matter to the probation department for a presentence investigation and report, and scheduled the matter for sentencing. Daniel was sentenced to eighteen months for the third degree felony and fifteen months for the fourth degree felony, with the terms to be served

consecutively for a total sentence of thirty-three months in prison. Daniel filed a timely appeal and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶3} Daniel argues that the trial court erred in its weighing of sentencing factors, including the seriousness of the offenses, recidivism factors, and the purposes of criminal sentencing.

{¶4} The transcript of the plea hearing indicates that the trial court relied on the presentence investigation report, the substance of which the court found disturbing, when sentencing Daniel to thirty-three months in prison. Daniel, however, has failed to provide this Court with the presentence investigation report on appeal.

{¶5} The obligation to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal lies with the appellant. *See* App.R. 9. We have consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment. *State v. McGowan*, 9th Dist. Summit No. 27092, 2014-Ohio-2630, ¶ 6; *see also State v. Taylor*, 9th Dist. Lorain Nos. 13CA010366, 13CA010367, 13CA010368, 13CA010369, 2014-Ohio-2001, ¶ 6; *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12. Consequently, where the substance of the presentence investigation report is necessary to enable this Court to review the propriety of the sentence, the appellant's failure to ensure that the record includes the report will require a presumption of regularity in the sentencing proceedings. *McGowan* at ¶ 6, citing *Taylor* at ¶ 6.

**{¶6}** Here, the trial court expressly noted its reliance on the presentence investigation report in imposing sentence. The court further noted that it found the substance of the report disturbing. In the absence of the report from the record, this Court is compelled to presume regularity in the trial court's sentencing of Daniel. *See McGowan* at ¶ 7. Daniel's assignment of error is overruled.

### III.

**{¶7}** Daniel's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

GREGORY A. PRICE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.