[Cite as *State v. Carney*, 2016-Ohio-2684.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010706 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KENNETH CARNEY | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CRB00375 |

DECISION AND JOURNAL ENTRY

Dated: April 25, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Kenneth Carney, appeals the judgment of the Oberlin Municipal Court convicting him of criminal mischief and sentencing him to a jail term of 60 days with 30 days suspended based on his compliance with several conditions, including the wearing of an alcohol monitoring device for five years. For the reasons that follow, we affirm.

I.

{¶2} The City of Amherst filed a complaint charging Carney on one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. The complaint arose from an incident in which Carney was under the influence of alcohol and became embroiled in a verbal altercation with his then-live-in girlfriend. According to her statement to responding police officers, the girlfriend was in fear for her safety since Carney poked her chest, pushed her against a wall, and made a threatening gesture with a telephone. Carney subsequently pled "no contest" to the reduced charge of criminal mischief in violation of R.C.

2909.07, a misdemeanor of the third degree. The trial court accepted Carney's plea and found him guilty of the reduced charge.

{¶3} After accepting Carney's plea, the matter was referred for a presentence investigation report ("PSI report"). According to the trial court's sentencing entry, the PSI report includes information regarding this incident as well as five previous convictions that are on Carney's record. The entry further reflects that based on the background and facts contained in the PSI report, the trial court decided to impose a 60-day jail term. It suspended 30 days of the jail term on several conditions, including that Carney wear an alcohol monitoring device for five years. Upon Carney's motion, the trial court stayed the execution of his jail term pending the resolution of this timely appeal, which presents three assignments of error for our review. Since the second and third assignments of error implicate similar issues, we elect to address them together.

II.

**Assignment of Error I**

**The trial court erred when it imposed a sentence that was not consistent with sentences for similar defendant[s] pursuant to R.C. 2929.21(B).**

{¶4} In his first assignment of error, Carney argues that the trial court erred by imposing a jail term for criminal mischief that was inconsistent with sentences issued in similar cases with similar offenders. We disagree.

{¶5} R.C. 2929.21(B) relevantly provides that "[a] sentence imposed for a misdemeanor * * * in violation of a Revised Code provision * * * shall be consistent with sentences imposed for similar offenses committed by similar offenders." A defendant who brings an argument based on the trial court's violation of R.C. 2929.21(B) "'bears the burden of providing the court with sentences imposed for similar crimes by similar offenders which

validate the claim of inconsistency.'"[1] *State v. Tribble*, 7th Dist. Mahoning No. 13 MA 50, 2014-Ohio-4164, ¶ 35, quoting *State v. Agner*, 3d Dist. Logan No. 8-02-28, 2003-Ohio-5458, ¶13, citing *State v. Hanson*, 6th Dist. Lucas No. L-01-1217, 2002 WL 471677 (Mar. 22, 2002). "[I]f [a] defendant intends to argue that the sentence imposed in a particular misdemeanor case is so inconsistent with sentences imposed by the same court for similar offenses committed by similar offenders as to be disproportionately harsh, [then the] defendant must object or otherwise raise that issue in the trial court, affording that court an opportunity to correct the question." *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, ¶ 53 (2d Dist.).

{¶6} Carney never objected to his sentence during the trial court proceedings on the basis that it was inconsistent with the sentences given to similar offenders under similar circumstances. As a result, he has forfeited all but plain error on this issue. *See id.* (holding that by failing to object in the trial court proceedings to sentence imposed for misdemeanor conviction on the basis of inconsistency with other cases, the "defendant has waived all but plain error"); *State v. Quine*, 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 7 (conducting plain error analysis of the defendant's claim that his felony sentence was inconsistent with sentences

---

[1] In his merit brief, Carney only attempts to carry his burden by stating that "checking the electronic record[s]"of the trial court will reveal that no other similarly-situated defendant received a jail term like the one imposed in this matter. Correctly realizing that such a bare assertion falls far short of meeting his burden on appeal, Carney's reply brief lists several cases from the trial court arguably supporting his position. However, this Court does not consider items that are asserted for the first time in a reply brief since reply briefs are "restricted to matters in rebuttal of the appellee's brief." Loc.R. 7(D). As a result, even if Carney properly raised a plain error argument, we would not consider his belated attempt to carry his burden to prove inconsistent sentences under R.C. 2929.21(B). *See State v. Palmison*, 9th Dist. Summit No. 20854, 2002-Ohio-2900, ¶ 32, fn. 2 (stating that additional instances of alleged ineffective assistance of counsel that were only asserted in the appellant's reply brief were not properly before the Court and would not be considered).

imposed for similar crimes committed by similar offenders). Although Carney has preserved a plain error argument, he has failed to make one on appeal. "As this Court has repeatedly held, '[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.'" (Alterations sic.) *State v. Vu*, 9th Dist. Medina No. 11CA0042-M, 2012-Ohio-746, ¶ 12, quoting *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Consequently, we decline to sua sponte fashion a plain error argument on Carney's behalf and then address it. *See State v. McCrae*, 9th Dist. Summit No. 27387, 2015-Ohio-1803, ¶ 8 (collecting cases).

{¶7}    Accordingly, we overrule Carney's first assignment of error.

### Assignment of Error II

**The trial court erred when it failed to consider proper sanctions and the overriding principles and purposes of the misdemeanor sentencing law when it determined the appellant's sentence.**

### Assignment of Error III

**The trial court erred when it sentenced appellant to be attached to an alcohol monitoring device for five years.**

{¶8}    In his second assignment of error, Carney argues that the trial court abused its discretion by failing to properly consider the relevant misdemeanor sentencing factors before imposing sentence. In his third assignment of error, Carney contends that the trial court abused its discretion by requiring him to wear an alcohol monitoring device for five years. We disagree on both points.

{¶9}    We review the trial court's misdemeanor sentence for an abuse of discretion. *State v. Endress*, 9th Dist. Medina No. 08CA0011-M, 2008-Ohio-4498, ¶ 3. An abuse of discretion implies that the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion

standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10} Although the trial court's failure to consider the misdemeanor sentencing factors in R.C. 2929.22 constitutes an abuse of discretion, we presume that the trial court considered those factors "absent an affirmative showing to the contrary." *State v. Smith*, 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶ 21. "'The burden of demonstrating this error falls to [the] appellant.'" *State v. Seidowsky*, 9th Dist. Medina No. 13CA0037-M, 2015-Ohio-4311, ¶ 6, quoting *Endress* at ¶ 4, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). We are mindful when reviewing a trial court's purported failure to consider the R.C. 2929.22 factors, "there is no requirement that the trial court state on the record that it considered the statutory criteria[.]" *State v. Jones*, 9th Dist. Wayne No. 02CA0018, 2003-Ohio-20, ¶ 7, citing *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995).

{¶11} Carney has not "identified anything in the record suggesting the trial court disregarded the sentencing factors, and this Court's review of the record fails to yield 'an affirmative showing' that the trial court failed to consider the factors set forth in R.C. 2929.22." *Seidowsky* at ¶ 8. In its extensive sentencing entry, the trial court included five pages of "sentencing considerations" that emphasized the totality of the circumstances giving rise to the complaint in this matter as well as Carney's background, which included three previous OVI convictions, an attempted assault conviction, and a disorderly conduct conviction. Indeed, on appeal, Carney concedes that the trial court "focused on his past actions" before imposing sentencing, which is a misdemeanor sentencing factor that must be considered pursuant to R.C. 2929.22(B)(1)(b). In light of this, we cannot agree with Carney's assertion that the trial court failed to consider the sentencing factors contained in R.C. 2929.22.

**{¶12}** To the extent that Carney argues that the trial court abused its discretion in deciding to impose a 60-day jail term with 30 days suspended and a five-year term of alcohol monitoring, we note that the trial court ordered a PSI report and referred to its consideration of that report in its sentencing entry. Despite the trial court's consideration of the PSI report, it is not included in the appellate record. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing *State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5, citing *State v. McGowan*, 9th Dist. Summit No. 27092, 2014-Ohio-2630, ¶ 6. As a result, "[g]iven the absence of the PSI report from the record, we are unable to fully review whether the trial court abused its discretion in sentencing [Carney] and we must presume regularity." *State v. Vigilante*, 9th Dist. Medina No. 14CA0039-M, 2015-Ohio-4221, ¶ 18, citing *McGowan* at ¶ 6.

**{¶13}** Accordingly, we overrule Carney's second and third assignments of error.

III.

**{¶14}** Having overruled all of Carney's assignments of error, we affirm the judgment of the Oberlin Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CONCURS IN JUDGMENT ONLY.

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶15} I concur in the judgment. As noted by the majority at the end of its discussion, there was no PSI report included in the record on appeal. The trial court clearly considered the PSI report in determining the sentence. The merits of the arguments raised by Mr. Carney all, to at least some extent, turn on the contents of the PSI. I would therefore presume regularity and overrule all of the assignments of error on this basis alone. *See State v. McGowan*, 9th Dist. Summit No. 27092, 2014-Ohio-2630, ¶ 6 ("When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and

affirm. Consequently, when the contents of a presentence investigation [PSI] report are necessary to review the appropriateness of a sentence, an appellant must move to supplement the record on appeal with the report to enable our review.") (Internal quotations and citations omitted.).

APPEARANCES:

JACK W. BRADLEY, MICHAEL E. STEPANIK, and R. J. BUDWAY, Attorneys at Law, for Appellant.

FRANK S. CARLSON, Attorney at Law, for Appellee.