[Cite as *State v. Paulino*, 2016-Ohio-5553.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 16CA0003-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JESUS PAULINO | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 14CR0885 |

DECISION AND JOURNAL ENTRY

Dated: August 29, 2016

HENSAL, Judge.

{¶1} Jesus Paulino appeals his sentence for gross sexual imposition in the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Paulino pleaded guilty to one count of gross sexual imposition, a felony of the fourth degree. At sentencing, the court stated that "[t]here appears to be a presumption in favor of prison in this matter due to the fact that this is a sex offense." It proceeded to sentence Mr. Paulino to 18 months imprisonment, the maximum amount for the offense. Mr. Paulino has appealed, arguing that the trial court incorrectly stated that his offense carried a "presumption" of prison.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW WHEN IT FOUND THAT THERE IS A STATUTORY PRESUMPTION OF PRISON

FOR A FOURTH-DEGREE FELONY CONVICTION OF OHIO REVISED CODE § 2907.05(A)(1).

{¶3} Mr. Paulino argues that the trial court made a legally incorrect statement at sentencing when it said that his conviction carried a presumption of imprisonment. He also argues that, even if the court did not misread the sentencing statutes, it abused its discretion when it gave him the maximum prison term for the offense.

{¶4} The Ohio Supreme Court has recently explained that, in reviewing a felony sentence under Revised Code Section 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶5} Section 2907.05, which concerns the offense of gross sexual imposition, provides that, in certain circumstances, "there is a presumption that a prison term shall be imposed for the offense." R.C. 2907.05(C)(2). The presumption applies if the offender violated Sections 2907.05(A)(4) or (B), which involve victims under the age of 12 or 13. *Id*. Mr. Paulino, on the other hand, pleaded guilty to violating Section 2907.05(A)(1), which does not carry a presumption of prison. Instead, Section 2929.13(B)(1)(b)(v) provides that a sentencing court "has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth * * * degree * * * that * * * is a sex offense * * *."

{¶6} Upon review of the appellate record, we note that the presentence investigation (PSI) report has not been made part of the record. "It is the appellant's responsibility to ensure

that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing App.R. 9. "[If] an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm." *State v. McGowan*, 9th Dist. Summit No. 27092, 2014-Ohio-2630, ¶ 6, quoting *State v. Taylor*, 9th Dist. Lorain Nos. 13CA010366, 13CA010367, 13CA010368, 13CA010369, 2014-Ohio-2001, ¶ 6.

{¶7}    Because the appellate record is incomplete, we conclude that it is unnecessary to determine if the trial court's statement's was incorrect. Without the context that the PSI report might provide about the court's statement, we cannot conclude that there is clear and convincing evidence in the record that Mr. Paulino's sentence is contrary to law. R.C. 2953.08(G)(2). Mr. Paulino's assignment of error is overruled.

### III.

{¶8}    Mr. Paulino's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

MOORE, P.J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.