[Cite as *State v. Evege*, 2017-Ohio-907.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28242 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JABRIEL R. EVEGE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 04 1215 |

DECISION AND JOURNAL ENTRY

Dated: March 15, 2017

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Jabriel Evege, appeals his sentence for aggravated robbery from the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} A grand jury indicted Mr. Evege on three counts of aggravated robbery with accompanying firearm specifications. Mr. Evege ultimately pleaded guilty to one count, and the remaining counts were dismissed. At the sentencing hearing, the trial court heard statements from Mr. Evege and two victims. The transcript from the hearing indicates that the trial court also considered victim impact statements, a letter from Mr. Evege, and a presentence investigation report.

{¶3} The trial court sentenced Mr. Evege to ten years of imprisonment for aggravated robbery and three years for the firearm specification. The trial court ordered the sentences to run

consecutively for a total prison term of 13 years. Mr. Evege now appeals, raising one assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN IMPOSING AN UNREASONABLE SENTENCE UPON JABRIEL EVEGE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

**{¶4}** In his sole assignment of error, Mr. Evege argues that the trial court committed plain error when it sentenced him to a near-maximum sentence of ten years for aggravated robbery, his second felony offense. In this regard, he argues that although the trial court mentioned that it considered the statutory sentencing factors during his sentencing, there was no meaningful discussion of those factors, nor was there any indication that the trial court considered the merits of imposing a less severe sentence. He, therefore, concludes that the trial court's sentence was unjustifiably excessive and violated his constitutional rights.

**{¶5}** As previously noted, the transcript from the sentencing hearing expressly indicates that the trial court considered a presentence investigation report when fashioning its sentence. That report, however, is not contained in the record before this Court. We note that "[t]he obligation to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal lies with the appellant." *State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5, citing App.R. 9. "We have consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Id.*

{¶6} In light of the absence of the presentence investigation report from the record before us, this Court must presume regularity in the trial court's sentencing of Mr. Evege. *Id.*; *see also State v. Taylor*, 9th Dist. Lorain Nos. 13CA010366, 13CA010367, 13CA010368, 13CA010369, 2014-Ohio-2001, ¶ 6-7 (presuming regularity in the sentencing proceedings and affirming the trial court's sentence because the record did not contain the presentence investigation report). Accordingly, his assignment of error is overruled.

## III.

{¶7} Mr. Evege's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JEREMY A. VEILLETTE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prsoecuting Attorney, for Appellee.