[Cite as *State v. Wiesler*, 2019-Ohio-3826.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 19CA0014-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZACHARY M. WIESLER | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18 TRC 06926 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2019

HENSAL, Judge.

{¶1} Zachary Wiesler appeals his sentence from the Medina Municipal Court. This Court affirms.

I.

{¶2} Mr. Wiesler pleaded no contest to operating a vehicle under the influence of alcohol ("OVI") in violation of Revised Code Section 4511.19(A)(1)(a), and driving under an OVI suspension in violation of Section 4510.14, both misdemeanor offenses. The trial court found Mr. Wiesler guilty, and the matter proceeded to sentencing. At the sentencing hearing, the trial court noted three times that this was a "second in ten" offense, but also noted that this was Mr. Wiesler's "third OVI conviction in three years." It then sentenced him to 180 days of incarceration for the OVI conviction, and three days of mandatory jail time for the driving-under-an-OVI-suspension conviction. It ordered those sentences to run consecutively for a total of 183 days, and suspended 150 of those days for a total of 33 days of incarceration. It noted that

the 33 days in jail would "cover the ten mandatory days that are associated with the second in ten offense." Mr. Wiesler now appeals his sentence, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE COURT ERRED BY RELYING ON INFORMATION NOT CONTAINED WITHIN THE RECORD AT SENTENCING AND FASHIONED AN IMPROPER SENTENCE.

{¶3}   In his first assignment of error, Mr. Wiesler argues that the trial court erred by relying on information not contained within the record when fashioning its sentence. More specifically, he argues that the trial court considered a third OVI offense, the details of which were not contained within the record, and sentenced him as if this was a third-in-ten offense, rather than a second-in-ten offense. Upon review of the record, this Court disagrees.

{¶4}   "We review the trial court's misdemeanor sentence for an abuse of discretion." *State v. Carney*, 9th Dist. Lorain No. 14CA010706, 2016-Ohio-2684, ¶ 9. "An abuse of discretion implies that the court's decision is arbitrary, unreasonable, or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "When a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume the trial judge followed the statutes, unless there is evidence to the contrary." *State v. Jones*, 6th Dist. Lucas No. L-16-1014, 2017-Ohio-413, ¶ 9.

{¶5}   Section 4511.19 governs OVIs and provides, in part, that a defendant who pleads guilty to or is convicted of a second OVI offense within ten years of the first offense is subject to "a mandatory jail term of ten consecutive days." R.C. 4511.19(G)(1)(b)(i). It further provides that the trial court "may impose a jail term in addition to the ten-day mandatory jail term[,]" and that the "cumulative jail term imposed for the offense shall not exceed six months."

{¶6} Here, the trial court stated at least three times that this was a "second in ten" offense. It sentenced Mr. Wiesler to 180 days for that offense, and indicated that he would serve 33 days in jail, ten of which would "cover the ten mandatory days that are associated with the second in ten offense." Despite mentioning that Mr. Wiesler had committed a third OVI offense, nothing in the record indicates that the trial court relied upon that offense at sentencing. Even if it did, Mr. Wiesler has not properly developed an argument in that regard. *See* App.R. 16(A)(7). Mr. Wiesler's sentence comports with the statute governing second-in-ten offenses. *See* R.C. 4511.19(G)(1)(b)(i). Accordingly, Mr. Wiesler's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE COURT ERRED BY ORDERING A CUMULATIVE SENTENCE OF 183 DAYS CONTRARY TO O.R.C. 4510.14.

{¶7} In his second assignment of error, Mr. Wiesler argues that the trial court erred by sentencing him to 183 days of incarceration because that sentence exceeds the maximum sentence for violations of Section 4510.14. This Court disagrees.

{¶8} We apply the same standard of review set forth in the preceding assignment of error, and note that "[j]udges have no inherent power to create sentences." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 22. "Rather, judges are duty-bound to apply sentencing laws as they are written." *Id.* When a trial court's sentence is outside the permissible statutory range, the sentence is contrary to law. *See State v. Stump*, 8th Dist. Cuyahoga No. 103109, 2016-Ohio-2723, ¶ 16

{¶9} Section 4510.14 governs driving under an OVI suspension, and provides, in part, that a person convicted thereunder shall be sentenced to "[a] mandatory jail term of three consecutive days." R.C. 4510.14(B)(1)(a). It further provides that "[i]f the court imposes a mandatory three-day jail term under this division, the court may impose a jail term in addition to

that term, provided that in no case shall the cumulative jail term imposed for the offense exceed six months." *Id.*

**{¶10}** As previously noted, Mr. Wiesler argues that his cumulative sentence of 183 days is contrary to the driving-under-an-OVI-suspension statute because it exceeds 180 days. His argument is misplaced. The trial court sentenced Mr. Wiesler to 180 days of incarceration for his OVI conviction, not for his driving-under-an-OVI-suspension conviction. *See* R.C. 4511.19(G)(1)(b)(i) (providing that the cumulative jail term for a second-in-ten OVI offense "shall not exceed six months."). It then sentenced him to three days of mandatory jail time for the driving-under-an-OVI-suspension conviction, which it ran consecutively to the 180 days of incarceration for the OVI conviction. The trial court's three-day sentence for the driving-under-an-OVI-suspension offense, therefore, complied with the statute and did not exceed the statutory maximum. R.C. 4510.14(B)(1)(a). Mr. Wiesler's second assignment of error is overruled.

III.

**{¶11}** Mr. Wiesler's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SEAN C. BUCHANAN, Attorney at Law, for Appellant.

GREGORY HUBER and ROBERT B. CAMPBELL, Prosecuting Attorneys, for Appellee.