[Cite as *State v. McClellan*, 2022-Ohio-4791.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    30007 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CRAIG McCLELLAN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 19 05 1568 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2022

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Craig Allen McClellan, appeals from his sentence in the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    The victim in this case is a somewhat developmentally delayed child who is small in stature and falls within a very low percentile for both height and weight in relation to her age. She was 14 years old at the time of sentencing and was functioning similarly to 9- or 10-year-old children.  She is medically unable to have regular bowel movements and therefore requires a "Malone tube" connected to her appendix to assist in emptying her bowels.

{¶3}    In March 2019, the victim began missing school and soon revealed to an intake caseworker for Summit County Children Services that Mr. McClellan had touched her inappropriately.  Mr. McClellan is the former boyfriend of the victim's mother, whom the victim referred to as "daddy," and who had lived with them for over a decade.  After he moved out, the

victim had stayed overnight at Mr. McClellan's apartment approximately 50 times. The victim alleged that Mr. McClellan touched her private parts while she showered, touched and hurt her with his penis in his bedroom despite her pleas for him to stop, and took pictures and videos with his cell phone during the illicit acts.

{¶4} The police arrested Mr. McClellan and he admitted to touching the victim in the shower, but he qualified his admission with a claim that she had asked him to help her bathe. Mr. McClellan provided his cell phone to police along with the passcode to unlock it. A forensic analysis of the device revealed deleted pictorial and video evidence corroborating the victim's allegations.

{¶5} Following a bench trial, the trial court found Mr. McClellan not guilty of gross sexual imposition (Count 1), a felony of the third degree, but guilty of rape (Counts 3 and 4), felonies of the first degree, guilty of gross sexual imposition (Counts 2, 5, and 6), felonies of the fourth degree, and guilty of illegal use of a minor in nudity-oriented material or performance (Counts 7, 8, 9, 10, and 11), felonies of the second degree. Counts 5 and 6 were merged into Counts 3 and 4 for sentencing purposes. The court ultimately sentenced Mr. McClellan to an aggregate total of 31½ years in prison and classified him a Tier III sex offender.

{¶6} This Court granted Mr. McClellan's motion to file a delayed appeal. Mr. McClellan now appeals from his sentence and raises two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED IN IMPOSING AN UNREASONABLE SENTENCE UPON CRAIG McCLELLAN, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶7}     In his first assignment of error, Mr. McClellan argues that the trial court committed plain error and violated his constitutional rights in imposing an unreasonable and "unjustifiably excessive" sentence.  He claims that the trial court failed to engage in any meaningful discussion of the statutory factors under R.C. 2929.11 and 2929.12 and only imposed maximum sentences under R.C. 2929.14.  Because the record on appeal is incomplete, however, we must presume regularity and overrule this assignment of error.

{¶8}     Although defense counsel argued at sentencing for a shorter prison term, Mr. McClellan states that he did not object to the sentence as being unreasonable in the trial court below, and he therefore submits that he has forfeited all but plain error on appeal.  *But see, e.g., Holguin-Hernandez v. United States*, ___ U.S. ___, 140 S.Ct. 762, 767 (2020) (holding that, generally, a substantive argument that a sentence is unreasonably long is properly preserved for appeal when one advocates for a particular, or shorter, sentence at the trial court level).  The Supreme Court of Ohio has stated that, "[t]rial courts have full discretion to impose a prison sentence within the statutory range" and are not "required to make findings or give their reasons for imposing * * * more than the minimum sentences."  *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus.  "Nevertheless, 'the court must carefully consider the statutes that apply to every felony case[,]' including 'R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'"  *State v. Lucas*, 9th Dist. Summit No. 29077, 2019-Ohio-2607, ¶ 13, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.  "Unless the record shows that [a] court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range."  *State v. Fernandez*, 9th Dist. Medina No.

13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

{¶9} Mr. McClellan argues on appeal that the trial court did not engage in a meaningful discussion of the R.C. 2929.11 and R.C. 2929.12 factors to support the sentence imposed. He contends "[t]here was no indication that the trial court honestly considered the merit of imposing a less restrictive sentence, why the less-than-maximum terms were inappropriate, or how it was related to similar cases or fact scenarios." Despite conceding that the trial court recited the statutory factors, he argues that those factors were not actually considered by the court. He does not, however, dispute that his sentence on each count falls within the statutory sentencing range for those offenses.

{¶10} At sentencing, the prosecutor described child rape as "one of the most abhorrent acts a human can commit * * * maybe second only to murder." She lauded the strength and courage shown by the young victim in this matter, who testified against Mr. McClellan despite discernably shaking while entering the courtroom and being led to the witness stand. The prosecutor explained that the young girl now suffers from post-traumatic stress disorder and night terrors resulting from Mr. McClellan's actions. She noted that the victim was now in counseling and surmised that her counseling would continue in the foreseeable future, perhaps for the rest of her life. She also noted that Mr. McClellan's relationship with the victim facilitated the offense, as he served as a father figure to her while in a relationship with her mother. Defense counsel, on the other hand, argued for the minimum 17½-year sentence because Mr. McClellan was already 50 years old and the average life expectancy of men is 75 years. Counsel further directed the court to Mr. McClellan's lack of a significant prior criminal history and noted that he willfully engaged with law enforcement in this matter, giving them interviews and relinquishing his cell phone.

{¶11} The sentencing judge, in turn, characterized this case as "horrific" and "one of the most upsetting cases that [she has] tried in [her] ten years on the bench." The court prefaced the sentencing of Mr. McClellan by stating that its sentence was, "[b]ased upon the facts and circumstances of the case, in consideration of the relevant sentencing factors, and applying the minimum sanction, the [c]ourt has determined will protect the public, promote the rehabilitation of, and punish the offender without imposing an unnecessary burden on state or local resources." The court further announced that it had considered Mr. McClellan's age and his record. The court's sentencing entry also twice states that it considered the record, statements of counsel, as well as the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. Accordingly, despite Mr. McClellan's claims to the contrary, the record is clear that the trial court considered the relevant sentencing factors in this case. *Lucas* at ¶ 13; *Mathis* at ¶ 38.

{¶12} Nevertheless, Mr. McClellan claims in his merit brief that a presentence investigation report ("PSI") was not ordered in this case, but that claim is belied by the record. The transcript reveals that the trial court rendered its verdict and asked if there was a request for a PSI, to which defense counsel replied, "There is, Your Honor." The trial court then set a date for sentencing and ordered a PSI to be prepared along with any victim impact statements. The sentencing transcript further contains multiple remarks from the sentencing judge that she read and considered a summary PSI as well as a letter from the victim's mother (submitted in lieu of a victim impact statement). *Compare State v. Evege*, 9th Dist. Summit No. 28242, 2017-Ohio-907, ¶ 2 (noting that the trial court heard statements from the defendant and two victims, and reviewed victim impact statements, a letter from the defendant, and a PSI); *State v. Morabith*, 9th Dist.

Lorain No. 21CA011778, 2022-Ohio-3177, ¶ 10-11 (noting that the trial court considered oral and written statements as well as a PSI).

{¶13} The summary PSI considered by the sentencing judge has not been included in the record before us, but we are required by R.C. 2953.08(F) in our review of criminal sentences "'to review the entire trial-court record, including any oral or written statements and [PSI] reports.'" *Morabith* at ¶ 11, quoting *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, ¶ 20. "The obligation to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal lies with the appellant." *State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5, citing App.R. 9. "We have consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Id.*

{¶14} Because the summary PSI is not contained in the record before us, we must presume regularity in the trial court's sentencing of Mr. McClellan. *See Evege* at ¶ 6; *Morabith* at ¶ 11. Accordingly, Mr. McClellan's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

CRAIG McCLELLAN WAS DENIED EFFECTIVE COUNSEL UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION WHEN COUNSEL FAILED TO SEEK A WAIVER OF COSTS.

{¶15} In his second assignment of error, Mr. McClellan argues that he received ineffective assistance of counsel when his attorney failed to seek a waiver of court costs in the trial court below. We disagree.

{¶16} Trial courts must include in all criminal sentences the imposition of the costs of prosecution and render a judgment against the defendant for such costs. R.C. 2947.23(A)(1)(a).

The court retains jurisdiction, however, to waive, suspend, or modify the payment of those costs "at the time of sentencing or at any time thereafter." R.C. 2947.23(C).

{¶17} In the instant case, the trial court did not impose any fines when it sentenced Mr. McClellan, but it did order him to pay the costs of prosecution. Defense counsel did not seek a waiver of the payment of those costs at sentencing. Mr. McClellan now argues that counsel was therefore ineffective because Mr. McClellan was deemed indigent and there was "no reasonable explanation" for counsel's decision to not seek the waiver of court costs. Mr. McClellan believes counsel should have argued that the length of his prison sentence would likely require him to remain incarcerated for the remainder of his life and would therefore inhibit him from being able to pay the court costs.

{¶18} The State of Ohio argues that defense counsel's decision to not request a waiver of the payment of court costs at sentencing did not effectively forfeit Mr. McClellan's ability to request such a waiver now or in the future, as the trial court retains continued jurisdiction to waive court costs *at any time thereafter*. *See* R.C. 2947.23(C). Thus, the State submits that Mr. McClellan cannot demonstrate ineffective assistance of counsel because he was not prejudiced as a result of any deficient performance by defense counsel, as he can still move the trial court to waive the payment of court costs at any time.

{¶19} The Supreme Court of Ohio has previously considered and rejected the same rationale now offered by the State of Ohio, however, in *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309. In *Davis*, the Supreme Court was asked to determine "whether trial counsel's failure to file a motion to waive court costs at a defendant's sentencing hearing constitutes ineffective assistance of counsel when the defendant has previously been found indigent." *Id.* at ¶ 1. Though the high court ultimately "answer[ed] the certified-conflict question neither in the affirmative nor

in the negative[,]" *id.* at ¶ 16, it plainly rejected two conflicting bright-line rules created by our sister courts in the Fifth and Eighth District. *Compare State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861, ¶ 46, *abrogated by Davis*, 159 Ohio St.3d 31, 2020-Ohio-309 (reaffirming its holding in *State v. Gibson*, 8th Dist. Cuyahoga No. 104363, 2017-Ohio-102, ¶ 16, that "a prior finding by the trial court that a defendant was indigent demonstrate[s] a reasonable probability that the trial court would have waived costs had counsel made a timely motion") *with State v. Davis*, 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445, ¶ 30-31, *rev'd*, 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 17 (rejecting the rationale in *Springer* and instead relying on the plain language of R.C. 2947.23(C) to hold that "the failure to request a waiver of costs at sentencing is not ineffective assistance of counsel[,]" as an "[a]ppellant is not prejudiced * * * because he is not foreclosed from filing a request at a later time"). In determining that "the Fifth District incorrectly analyzed the prejudice prong of the ineffective-assistance-of-counsel analysis[,]" *Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, at ¶ 17, the high court explained:

> An appellate court's reliance on the fact that a defendant may move for a waiver of costs at a later time under R.C. 2947.23(C) in its prejudice analysis is improper. Whether the defendant may move for a waiver of court costs at a later time has little or no bearing on whether the trial court would have granted a motion to waive court costs at the time of sentencing. The enactment of R.C. 2947.23(C) did not change how courts of appeals should evaluate the prejudice prong of the ineffective-assistance-of-counsel analysis.

*Id.* at ¶ 14.

{¶20} The *Davis* Court instead held that when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, (1989), which adopted the standard that had been announced in *Strickland v. Washington*, 466 U.S. 668, 688-689, (1984), for determining whether a defendant received ineffective assistance of counsel.

*Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, at ¶ 1. Pursuant to *Bradley* and *Strickland*, to demonstrate ineffective assistance of counsel a defendant must prove (1) that counsel's performance was deficient (i.e., counsel's performance fell below an objective standard of reasonableness) and (2) that he was prejudiced by counsel's deficient performance (there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different). *Id.* at ¶ 10. In other words, a reviewing court must review the facts and circumstances of each case objectively and determine whether the defendant demonstrated a reasonable probability that had his counsel moved to waive court costs, the trial court would have granted that motion. *Id.* at ¶ 14.

{¶21} Notably, when analyzing the prejudice prong in these cases, courts are not to assess whether the defendant was "simply harmed" by counsel's alleged deficient performance or whether he has the "ability to have court costs waived in the future." *Id.* at ¶ 15. Moreover, "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so * * *." *Id.* Appellate courts must instead "look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made." *Id.*

{¶22} We cannot agree that counsel was deficient based solely on Mr. McClellan's personal belief that there was "no reasonable explanation" for counsel to not request a waiver of the payment of court costs. Several Ohio courts have in fact noted that trial counsel may decide as a matter of strategy not to seek a waiver or modification of court costs until a later time, and strategic timing may play a role in counsel's decision. *See State v. Watts*, 12th Dist. Warren No. CA2021-04-042, 2021-Ohio-4548, ¶ 9 (citing cases). We also recognize that even debatable trial

tactics and strategy will not necessarily constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980).

{¶23} As for prejudice, Mr. McClellan argues that he will not be able to pay courts costs because of his expected age upon release from prison. But, notwithstanding his age, the record contains no indication that Mr. McClellan will, for instance, be encumbered by any particular health or medical condition that would preclude him from obtaining gainful employment upon his release. *See State v. Malone*, 4th Dist. Lawrence No. 21CA9, 2022-Ohio-1409, ¶ 24. Mr. McClellan also directs us to his indigence in this matter to suggest his inability to pay court costs. The record reflects that Mr. McClellan initially retained private counsel to represent him, but counsel later withdrew from the case, and new counsel was appointed due to Mr. McClellan's indigence. Two affidavits of indigency were filed during the pendency of this case, in which Mr. McClellan averred that he had no assets or income at the time. Even so, indigency alone does not create a reasonable probability that the trial court would have granted a request by Mr. McClellan's attorney to waive costs. *See Davis* at ¶ 15. Finally, Mr. McClellan even admits in his merit brief that "it is not an absolute guarantee that the trial court would grant such waiver * * *."

{¶24} Upon review of the facts and circumstances of this particular case, we conclude that Mr. McClellan has not demonstrated a reasonable probability that, had defense counsel requested a waiver of the payment of court costs, the trial court would have granted such a request. *See Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, at ¶ 14. We therefore cannot say that Mr. McClellan has demonstrated any prejudicial, deficient performance by defense counsel in this matter. *See id.* at ¶ 10; *Bradley*, 42 Ohio St.3d at 141-142; *Strickland*, 466 U.S. at 688-689.

{¶25} Accordingly, Mr. McClellan's second assignment of error is overruled.

III.

**{¶26}** Mr. McClellan's first and second assignments of error are both overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

NATHAN RAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.